McBRIDE, Judge.
Plaintiff sued defendant for $927, representing rental of certain steel scaffolding from September 30, 1957, to October 30, 1957, and the costs incidental to the erection and dismantling thereof, said equipment having been used at the horse racetrack operated by Magnolia Park, Inc., in Jefferson Parish. The scaffolding was placed at vantage points in the track enclosure for use as towers by defendant, Camera Patrol, Inc., in the taking of moving pictures of the *547 races under a contract with Magnolia Park, Inc. The defense is that Camera Patrol, Inc., had no contractual relations with plaintiff and that Magnolia Park, Inc., is liable for plaintiff’s bill. Judgment was rendered dismissing the suit and plaintiff has appealed.
The evidence is conflicting and inconsistencies abound. There is no need for an extended or detailed narrative or an analysis thereof. As the trial judge stated in his reasons for judgment, plaintiff first sent its bill to Magnolia Park, Inc., and a month later, when payment was not forthcoming, plaintiff billed Camera Patrol, Inc. During the interim Magnolia Park, Inc., having experienced severe financial difficulties, applied to the United States District Court for the Eastern District of Louisiana for reorganization under the bankruptcy statutes.
We are convinced the debt was owed by Magnolia Park, Inc., as the contract between it and Camera Patrol, Inc., provided that the latter would “furnish technical advice during erection of the camera towers, concerning the location and setup of said towers,” while Magnolia Park, Inc., was obligated for the “installation of suitable towers or camera positions and electricity to same.” There is every reason to believe plaintiff’s representative was cognizant of these terms of the contract.
Plaintiff is contending that the local representative of Camera Patrol, Inc., was the one who first negotiated with reference to the towers and that plaintiff’s manager was led to believe Camera Patrol, Inc., was to be liable. As his explanation why the bill was first sent to Magnolia Park, Inc., the manager stated that whereas Camera Patrol, Inc., had no credit standing with plaintiff and as it would take a few days before its financial responsibility could be ascertained, it was agreed that Magnolia Park, Inc., would be billed directly only on an “interim basis” until such time as plaintiff could obtain a satisfactory credit report on Camera Patrol, Inc., at which time the charge would be transferred to the latter. Incidentally, plaintiff never secured the credit report.
We do hot feel that either defendant or Magnolia Park, Inc., gave reason to plaintiff’s representative to believe that Camera Patrol, Inc., was to be responsible, but assuming, but not holding, that the above was the arrangement, plaintiff could not prevail for this would clearly be a case where Magnolia Park, Inc., obligated itself for the account before the service was extended, and hence it was liable. This was not a promise by one to pay the debt of a third person, but was an agreement that the initial charge be debted directly against Magnolia Park, Inc., in whom we think rests absolute liability. See Hornsby v. Rives, La.App., 2 So.2d S32.
This suit appears to be an afterthought. When collection could not be effected from Magnolia Park, Inc., plaintiff pursued defendant. Contrary to counsel’s contention, there could be no solidary obligation.
For these reasons, the judgment appealed from is affirmed.
Affirmed.